UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY BARDO | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | Civil Action No.: |
| | : | |
| DR. CARSON WRIGHT, individually | : | |
| | : | |
| Defendant. | : | August 23, 2017 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jeffrey Bardo ("Plaintiff" or "Mr. Bardo") alleges against Defendant Dr. Carson Wright ("Defendant" or "Dr. Wright") a claim of a violation of the Eighth and Fourteenth Amendments to the U.S. Constitution based on Dr. Wright's deliberate indifference to Mr. Bardo's serious medical needs while he was a prisoner in the custody of the Connecticut Department of Correction ("DOC").

From 2012 to 2015, when he was a prisoner in DOC custody, Mr. Bardo repeatedly sought medical attention for a lesion that was growing on his face. Dr. Wright, the doctor responsible for overseeing Mr. Bardo's medical care, failed to ensure that Mr. Bardo saw a dermatologist and received a biopsy. When Mr. Bardo finally saw a primary care doctor in the community upon his release, he was immediately referred to a dermatologist who biopsied the lesion and diagnosed him with skin cancer. By this time, the lesion had spread so much that a major, invasive surgery was required. As a result, Mr. Bardo suffered severe scarring and disfigurement.

1

## JURISDICTION AND VENUE

1. This case is brought pursuant to 42 U.S.C. § 1983. This Court has subject matter jurisdiction over Plaintiff's claim and cause of action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper in the District of Connecticut because all of the events or omissions giving rise to Mr. Bardo's claims occurred at or within various locations within the State of Connecticut. 28 U.S.C. § 1391(b)(2).

## THE PARTIES

3. Plaintiff Jeffrey Bardo resides in the State of Connecticut.

4. Dr. Carson Wright, a medical physician employed by UConn Correctional Managed Health Care, had responsibility for the provision of medical care to Mr. Bardo while he was incarcerated at Carl Robinson Correctional Institution ("Robinson CI"), a facility operated by DOC. At all times relevant to the complaint, Dr. Wright acted under color of state law as an agent of the State of Connecticut. He is sued in his individual capacity.

## FACTUAL BACKGROUND

5. Mr. Bardo was first admitted to the custody of DOC on August 24, 2012. For the next three years, until September 30, 2015, Mr. Bardo was housed at various DOC facilities, and had two brief stays at halfway houses. During this period, including when he was at the halfway houses, Mr. Bardo was unable to access health care other than that provided by DOC.

6. In October 2012, while he was incarcerated at Bridgeport Correctional Institution, Mr. Bardo noticed a lesion on his right cheek. When he requested medical attention for the lesion, he was told by medical staff to seek care after he was sentenced and moved to another facility. After his sentencing, Mr. Bardo was moved to MacDougall-Walker Correctional

2

Institution. There, he again sought medical attention for the lesion but was told by medical staff to have the matter addressed when he arrived at the institution where he would be more permanently housed.

7. When Mr. Bardo arrived at Cybulski Correctional Institution ("Cybulski CI") in December 2012, he again asked for medical care for the lesion. Medical staff told him that it could be a clogged pore, and instructed him to place a hot rag over it. Medical staff at Cybulski CI did not refer Mr. Bardo to a dermatologist, even after the lesion bled. Similarly, at Osborn Correctional Institution (where Mr. Bardo was moved in April 2013), medical staff looked at the lesion but did nothing to investigate the cause of it, and did not refer Mr. Bardo to a dermatologist.

8. Shortly after he was moved to Robinson CI in August 2013, Mr. Bardo again sought medical attention for the lesion. Dr. Wright was doctor responsible for the medical care for the inmates at Robinson CI.

9. As the lesion continued to grow, Mr. Bardo repeatedly sought medical attention at Robinson CI. He was seen multiple times at Robinson CI by medical staff, including Dr. Wright. Mr. Bardo asked Dr. Wright whether the lesion might be cancerous, and Dr. Wright told him that it was not.

10. A March 18, 2014 note in Mr. Bardo's medical records from APRN Linda Oeser directed to Dr. Wright states: "eval facial lesion (? biopsy)." The note was repeated in the "physician's orders" section of Mr. Bardo's records. Mr. Bardo's medical records show that Dr. Wright examined the lesion a week later. However, rather than ensuring that Mr. Bardo saw a dermatologist, Dr. Wright gave Mr. Bardo various creams to apply to the lesion. Even after the lesion failed to respond to these medications, Dr. Wright did not refer Mr. Bardo to a

dermatologist for a biopsy.

11. From late August 2014 until January 2015, Mr. Bardo was placed at a halfway house. Prior to his transfer to the halfway house, Dr. Wright provided no instructions regarding the monitoring or treatment of the lesion on Mr. Bardo's face.

12. While at the halfway house, Mr. Bardo asked permission to see a doctor in the community and even offered to have a relative pay for the cost of the medical care. Mr. Bardo was denied permission, and was informed that DOC policy required him to return to a DOC facility for any medical care.

13. After an issue at the halfway house, Mr. Bardo returned to Robinson CI on January 26, 2015, where he remained until his July 29, 2015 transfer to another halfway house. During this time period, Dr. Wright remained the doctor responsible for care for the inmates at Robinson CI.

14. During these six months at Robinson CI, Mr. Bardo again repeatedly sought attention from Dr. Wright and medical staff for the lesion. Dr. Wright and medical staff again failed to refer Mr. Bardo to a dermatologist for a biopsy.

15. While at a halfway house in September 2015, Mr. Bardo was brought to New Haven Correctional Center for a medical appointment. He asked medical staff about the lesion at this appointment, and he was told to have the lesion looked at when he was released into the community.

16. Following his release from the halfway house on September 30, 2015, Mr. Bardo promptly applied for Connecticut state medical insurance. As soon as he received insurance coverage, he contacted the Seifert & Ford Community Health Center in Danbury, CT to schedule an appointment.

17. On December 7, 2015, Mr. Bardo was seen by Dr. Ralph Trimaglio at the Seifert & Ford Community Health Center. Dr. Trimaglio was concerned about the lesion and immediately referred Mr. Bardo to a dermatologist.

18. Shortly thereafter, Mr. Bardo's lesion was biopsied by a dermatologist, Dr. Stuart Kittay. On January 7, 2016, Mr. Bardo was diagnosed with basal cell carcinoma morpheaform, a form of skin cancer.

19. On February 16, 2016, Mr. Bardo underwent a Mohs micrographic surgery to remove the cancerous cells at UConn Health System Dermatology Associates. The procedure was extremely painful, and resulted in severe scarring and disfigurement of the right side of Mr. Bardo's face. He continues to experience physical discomfort on that side of his face.

20. Mr. Bardo was distraught by the experience of watching the lesion grow, and he is deeply upset by the severe scaring and disfigurement that the cancer's excision caused.

## FIRST CAUSE OF ACTION

**(Claim under 42 U.S.C. § 1983—Violation of the Eighth Amendment as Applied by the Fourteenth Amendment to the United States Constitution against Defendant Dr. Carson Wright individually)**

21. Plaintiff incorporates herein Paragraphs 1 through 20 of this Complaint.

22. The Eighth Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment, guarantees all citizens the right to be free from cruel and unusual punishment.

23. The acts and omissions of Defendant with respect to Mr. Bardo constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the U.S. Constitution.

5

24. Defendant recklessly disregarded a substantial risk of harm to Mr. Bardo by failing to properly identify and monitor the lesion of his face, failing to refer Mr. Bardo to a dermatologist for diagnosis and treatment, failing to ensure that Mr. Bardo received a biopsy, failing to ensure that Mr. Bardo received proper medical care upon his transfer to a halfway house, and failing to take all other steps necessary to prevent Mr. Bardo's carcinoma from developing to the point of requiring painful, invasive and disfiguring surgery to excise.

25. Defendant was deliberately indifferent in supervising and training subordinates at Robinson CI who failed to adequately monitor and treat Mr. Bardo.

26. By his deliberate indifference to Mr. Bardo's serious medical needs, Defendant subjected Mr. Bardo to serious harm and injury in violation of the Eighth Amendment.

27. By failing to provide Mr. Bardo with constitutionally adequate medical care, Defendant knowingly disregarded an excessive risk to Mr. Bardo's health and safety and knowingly subjected him to pain and physical and mental injury thereby violating Mr. Bardo's rights under the Eighth Amendment.

28. As a direct and proximate result of the Defendant's violations of the Eighth Amendment, Mr. Bardo has suffered harm in the form of physical pain and suffering, as well as emotional distress including stress, anxiety, shame, and depression.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

1. Compensatory damages;

2. Punitive damages;

3. Costs of suit, including litigation expenses and reasonable attorneys' fees;

4. Such other and further relief as the Court deems just, equitable, and proper.


THE PLAINTIFF


By /s/ Sarah F. Russell

Sarah French Russell
Legal Clinic, Quinnipiac University School of Law
275 Mt. Carmel Ave.
Hamden, CT 06518
(203) 382-3238
(203) 582-3237
CT26604
sarah.russell@quinnipiac.edu

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY BARDO | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | Civil Action No.: |
| | : | |
| DR. CARSON WRIGHT, individually | : | |
| | : | |
| Defendant. | : | August 23, 2017 |

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. Rule 38, the plaintiff in the above-captioned matter hereby demands a trial by jury on all issues.

THE PLAINTIFF

By /s/ Sarah F. Russell

Sarah French Russell
Legal Clinic, Quinnipiac University School of Law
275 Mt. Carmel Ave.
Hamden, CT 06518
(203) 382-3238
(203) 582-3237
CT26604
sarah.russell@quinnipiac.edu